*E-FILED - 5/7/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM BILLA, | No. C 07-4257 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| v. | |
| JIM TILTON, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff challenges his prison disciplinary hearing and the resulting guilty finding. Plaintiff seeks monetary damages for defendants' allegedly false disciplinary reports resulting in his guilty finding for possession of marijuana in his prison cell. The court DISMISSES the instant complaint without prejudice because plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

///
///
///

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.07\Billa257dis.wpd

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff alleges that defendants intentionally issued false disciplinary reports ("CDC 115") against him resulting in a guilty finding for his possession of marijuana in his cell. Plaintiff contends that defendants' intentional and malicious conduct amounted to deliberate indifference and cruel and unusual punishment. Plaintiff seeks compensatory and punitive monetary damages. See Complaint, Attachment 4-5. However, the court concludes that this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.07\Billa257dis.wpd        2

1  (1994). A claim for damages bearing that relationship to a conviction or sentence that has
2  not been so invalidated is not cognizable under § 1983. Id. at 487.

3  When a state prisoner seeks damages in a § 1983 suit, the district court must therefore
4  consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity
5  of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff
6  can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.
7  Heck makes it clear that a § 1983 "cause of action for damages attributable to an
8  unconstitutional conviction or sentence does not accrue until the conviction or sentence has
9  been invalidated." Id. at 489-90 (footnote omitted). Any such claim is not cognizable and
10 therefore should be dismissed. Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v.
11 City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be
12 dismissed sua sponte without prejudice under 28 U.S.C. §1915).

13 Heck generally bars claims challenging the validity of an arrest, prosecution or
14 conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred
15 plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police
16 officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d
17 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until
18 conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck
19 barred plaintiff's claims that defendants lacked probable cause to arrest him and brought
20 unfounded criminal charges against him). Heck bars a claim of unconstitutional deprivation
21 of time credits because such a claim necessarily calls into question the lawfulness of the
22 plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.
23 Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

24 Here, plaintiff alleges that defendants intentionally issued false disciplinary reports
25 that plaintiff possessed marijuana in his cell. The allegedly false disciplinary reports
26 resulted in a guilty finding after his prison disciplinary hearing. Plaintiff alleges that there
27 was insufficient evidence to find him guilty of possession of a controlled substance.

28

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.07\Billa257dis.wpd         3

**United States District Court**
For the Northern District of California

Here, plaintiff does not dispute the disciplinary hearing process itself, rather he challenges the resulting guilty finding and seeks monetary damages for defendants' conduct, which necessarily implies the invalidity of plaintiff's guilty finding for possession of marijuana. Accordingly, the court concludes that plaintiff's claim is barred under Heck and that the complaint fails to state a cognizable claim for relief under 42 U.S.C. § 1983. Plaintiff's complaint is DISMISSED without prejudice to plaintiff's filing a new complaint if his underlying guilty finding is later invalidated. Plaintiff may file a petition for a writ of habeas corpus challenging his disciplinary hearing if he so chooses.

**CONCLUSION**

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief under 42 U.S.C. § 1983. The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 5/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.07\Billa257dis.wpd          4