RECEIVED
JUN 0 4 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

FILED
2008 JUN -4 P 3 23
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name  Billa            Vikram
        (Last)           (First)           (Initial)

3  Prisoner Number  T-03776

4  Institutional Address  CMC-East, PO BOX 8101, San Luis Obispo, CA. 93409

7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

8  VIKRAM BILLA
   (Enter the full name of plaintiff in this action.)

           vs.                              Case No. C-07-4257 RMW(PR)
   S. CASTANEDA                             (To be provided by the Clerk of Court)

   B. TORIGIAN                              COMPLAINT UNDER THE
                                            CIVIL RIGHTS ACT,
   C. LOPEZ                                 Title 42 U.S.C § 1983

   (Enter the full name of the defendant(s) in this action)

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.    Exhaustion of Administrative Remedies.

18     [**Note:** You must exhaust your administrative remedies before your claim can go

19     forward. The court will dismiss any unexhausted claims.]

20     A.    Place of present confinement  CMC-East, SLO, CA. 93409

21     B.    Is there a grievance procedure in this institution?

22              YES (X)     NO ( )

23     C.    Did you present the facts in your complaint for review through the grievance

24           procedure?

25              YES (X)     NO ( )

26     D.    If your answer is YES, list the appeal number and the date and result of the

27           appeal at each level of review. If you did not pursue a certain level of appeal,

28           explain why.
                        October 2006. Log #CTF 06-01738

COMPLAINT                          - 1 -

1. Informal appeal ___Bypassed___

2. First formal level ___Bypassed___

3. Second formal level ___RVR quashed, Order for a reissue and rehear.___

4. Third formal level ___Told no action can be taken unless charges were reissued and reheard and a guilty finding was made.___

E. Is the last level to which you appealed the highest level of appeal available to you?

    YES (X)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. ___N/A___

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

    Vikram Billa
    CMC-Eas, P.O. BOX 8101
    San Luis Obispo, CA. 93409

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

S. Castaneda, Correction Officer, CTF- Soledad, California

COMPLAINT      -2-

1  B. Torigian, Correctional Officer, CTF-Soledad, Calif.
2  C. Lopez, Correctional Sergeant, CTF-Soledad, California
3
4

5  III.  Statement of Claim.
6      State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.
10                      Please see attached

23  IV.  Relief.
24      Your complaint cannot go forward unless you request specific relief. State briefly exactly
25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
26                      Please see attached

COMPLAINT                    - 3 -

Vikram Billa, T-03776
California Men's Colony
P. O. BOX 8101
San Luis Obispo, CA. 93409
In Pro Per.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM BILLA,<br><br>        Plaintiff,<br><br>V.<br><br>S. CASTANEDA, (Correctional Officer)<br>B. TORIGIAN (Correctional Officer)<br>C. LOPEZ (Correctional Sergeant)<br><br>        Defendants. | No. C 07-4257 RMW (PR)<br><br>FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR A JURY TRIAL. |

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983. Therefore jurisdiction is proper under 28 U.S.C. Section 1331 and Section 1343.

### VENUE

2. A substantial portion of the events giving rise to the claims alleged in this complaint arose in Monterey County, California. Therefore, venue is proper under 28 U.S.C. Section 1391(b)(2).

### INTRODUCTION

3. This is a claim for damages and injuctive relief brought under 42 U.S.C. Section 1983 against prison offials for violations of plaintiff Vikram Billa's rights to be free from cruel and unusual

punishment as protected by the Eighth Amendment of the United States Constitution. Specifically at issue are plaintiff Vikram Billa's rights to be free from excessive and coercive force, to have personal safety and access to due process in all prison disciplinary matters in which he stands to suffer a substantial penalty. Plaintiff has now exhausted the administrative remedies for injunctive relief and has not utilized the administrative process for damages, based upon futility.

## PARTIES

4. Plaintiff is a male resident of the state of California, who is currently incarcerated by the Californa Department Of Corrections and Rehabilitations(CDCR) at California Men's Colony State Prison, and was at the time of the events giving rise to this complaint a prisoner* at California Deapartment of Corrections and Rehabilitation's facility, namely, Correctional Training Facility, in Soledad, Monterey County, California. At all times mention in this complaint, plaintiff was a prsoner within the CDCR system.

5. At all times mentioned in this complaint, defendant, S. Castaneda was employed as a Correctional Officer by the CDCR. The Plaintiff is informed and believes and thereon alleges that the defendant, Castaneda was stationed as a floor officer at plaintiff's housing unit.

6. Plaintiff is informed and believes, and thereon alleges that defendant B. Torigian, was at all times mentioned within this complaint employed by the CDCR as a Correctional Officer and was stationed as a floor officer at plaintiff's housing unite.

7. At all times mentioned in this complaint, defendant C. Lopez was employed by the CDCR as a Correctional Sergeant. Plaintiff is informed and believes, and thereon alleges that defendant Lopez was responsible for the supervision of Correctional floor officers, which

included defendants Castaneda and Torigian.

## FACTS

8. On january 04, 2006, plaintiff was inside a cell to which he was assigned along with another inmate, when plaintiff was ordered out of the cell by the defendants, an order to which plaintiff complied immediately.

9. The three defendants, enetered the cell, out of the plain view of plantiff. Defendant Lopez, returns and approaches plaintiff with a claim that he found two marijuana cigarettes inside plaintiff's 'beanie' watch cap.

10. Plaintiff, denied it, saying that he did not smoke, marijuana or even cigarettes. Plaintiff was placed in handcuffs and placed in Ad-Seg housing. ("The Hole")

11. Defendants Castaneda and Torigian taunted plaintiff that he was a trouble maker who made a habit of filing complaints and appeals to senior brass. They intimated that he would be facing a referral to the local district attorney for felony charges.

12. All three defendants told plaintiff that the charges would go away, and plaintiff rehabilitated into a model prisoner who would have certain privileges, if plaintiff would serve as a confidential source of information on other inmates in the prison. Plaintiff refused.

13. Defendant Lopez claimed to have found the alleged drug in plaintiff's property, yet contrary to CDCR regulations, defendant Castaneda made the report out himself.

14. Plaintiff believes and thereon alleges that the three defendants, intentionally and maliciously planted the marijuana on my property so as to carry out their stated goal of 'breaking' the the plaintiff.

15. Plaintiff was issued a Rules Violation Report when he refused to succumb to the coercion by the defendant. the RVR was authored by defendant Castaneda, and not Sgt. Lopez as per Departmental rules.

16. The Senior Hearing Officer, Lt. Hancock, conducted a kangaroo court, and without any formal due process safeguards, he found plaintiff guilty as assessed penalty according to his dicretion.

17. Plaintiff filed an appeal to the Chief Disciplinary Officer of the prison, who eventually tossed out the RVR and the finding of guilt, ordering that defendants were to start over and reissue the RVR with the same allegation if they wanted to do so.

18. Although, the Chief Disciplinary Officer, (An Associate Warden), quashed the RVR and the guilty finding, the decision came too late to stop plaintiff from suffering the punishment attendant to such cases, including, but not limited to time spent in Ad-Seg, loss of time and contact with family members who cannot visit someone in Ad-seg, the loss in transit of most of his reading materials, the damage in transit of his electronic property.

19. The failure of the defendants to reissue and relitigate the marijuana possession issue in any timely fashion, has been a source of mental and emotional anguish and despair. Plaintiff does not know what to expect from the defendants, having already experienced the lengths to which they were willing to go to pressure him.

20. Plaintiff, believes and thereon alleges that although he has since been tranfered to another prison, the defendants still harbor personal animus towards him.

## CLAIMS FOR RELIEF

21. Plaintiff realleges each allegation of paragraphs 1 through 20, as if allged herein.

22. Defendants Castaneda, Torigian and Lopez violated plaintiff Vikram Billa's Eighth Amendment right to be protected from cruel and unusual punishment, by their unnecessary wanton, malicious deprivation of personal safety, thus denying a basic human need guaranteed to all prisoners under the United States Constitution, and the defendants did so with deiberate indifference to plaintiff's own sonstitutional rights.

23. Specifically, defendants knowingly, maliciously, and sadistically inflicted physical, emotional, and mental abuse upon plaintiff when they handcuffed him and took him the Ad-Seg. The defendants acts were, despicable, knowing, willful malicious and/or carried with a reckless disregard for federally protected rights.

24. As a direct and proximate result of the defendants' actions herein alleged, plaintiff has suffered and continues to suffer severe emotional and psychological distress.

25. Plaintiff is entitled to an award of compensatory and punitive damages. Plaintiff is also entitled to injuctive relief, including, but not limited to an order enjoining the defendants from using their positions as employees of the CDCR to seek or effect retaliation or retribution against plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, VIKRAM BILLA prays for the following:

1. Injunctive relief
2. Compensatory damages according to proof
3. Punitive damages according to proof
4. Reasonable attorney fees pursuant to 42 U.S.C. 1988
5. Cost of suit; and
6. Such further relef as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Vikram Billa, hereby demands a jury trial.

Dated: 5/30/2008

Respectfully Submitted by:

_____
Vikram Billa (Plaintiff)

1
2
3
4
5    I declare under penalty of perjury that the foregoing is true and correct.
6
7    Signed this 5/30 day of _____, 20 08
8
9                            _____
10                                   (Plaintiff's signature)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                           - 4 -

ikram Billa
-03776
alifornia men's Colony (CMC)
BOX 8101
an Luis Obispo, CA. 93409

United States District Court
Office of the Clerk
Northern District of California
280 South First Street, Rm.2112
San Jose, California. 95113

LEGAL MAIL